**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 21 2019



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN NINOSKA ULLOA-ANTUNEZ; ESTEFAN ALEJANDRA ULLOA-ANTUNEZ, AKA Estefani Ulloa-Antunez, AKA Estefany Ulloa-Antunez, AKA Estefany Alejandra Ulloa-Antunez, | No.    16-70995 <br><br> Agency Nos.        A202-078-665 <br> A202-078-666 |
| Petitioners, | MEMORANDUM* |
| v. | |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2019**
San Francisco, California

Before:  WALLACE, IKUTA, and CHRISTEN, Circuit Judges.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Karen Ninoska Ulloa-Antunez and her daughter, Estefan Alejandra Ulloa-Antunez, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal of an order of an Immigration Judge (IJ), which denied their claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction based on 8 U.S.C. § 1252 and deny the petition.

Substantial evidence supports the BIA's conclusion that petitioners are not entitled to asylum because they failed to establish that any harm they suffered in Honduras was or would be on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Further, although the IJ found Ulloa-Antunez to be credible, that credibility finding does not entitle petitioners to relief because her testimony fails to demonstrate that they satisfy the requirements for asylum.

Substantial evidence also supports the BIA's decision that petitioners are not entitled to withholding of removal because they have not shown that their lives or freedom would be threatened in Honduras because of a protected ground. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b). For that reason, the BIA's error in

2

applying the "one central reason" standard to the question of nexus in petitioners' withholding of removal claims, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017), was harmless.

Petitioners do not challenge the agency's determination that they are ineligible for CAT relief and therefore waive any argument regarding CAT. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). Moreover, because petitioners do not identify anything in the record showing that the IJ failed to evaluate any evidence or testimony, demonstrated cultural bias, or misapplied the law, petitioners' claim that the IJ violated their due process rights is meritless. The BIA decision was sufficiently reasoned and detailed for our review, and remand for further explanation is not warranted. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004).

Finally, the notice to appear filed by the Department of Homeland Security was adequate to vest jurisdiction in the removal proceeding in the immigration judge. *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019).

**PETITION DENIED.**